2011 UT App 258

**STATE of Utah, in the interest of B.T., a person under eighteen years of age.**

**F.S., Appellant,**

v.

**State of Utah, Appellee.**

No. 20110423–CA.

Court of Appeals of Utah.

Aug. 4, 2011.

Joseph Lee Nemelka, Salt Lake City, for Appellant.

Mark L. Shurtleff and John M. Peterson, Salt Lake City, for Appellee Martha Pierce, Salt Lake City, Guardian Ad Litem.

Before Judges DAVIS, McHUGH, and CHRISTIANSEN.

## DECISION

PER CURIAM:

¶ 1 F.S. (Father) appeals the juvenile court's adjudication order, which adjudicated B.T. as an abused child by virtue of being sexually abused by Father. We affirm.

¶ 2 Father asserts that there was not clear and convincing evidence to support the juvenile court's finding that he abused B.T. More particularly, he asserts that there was insufficient evidence to support the juvenile court's finding that he sexually abused B.T. A juvenile court's findings of fact will not be overturned unless they are clearly erroneous. *See In re E.R.,* 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* The juvenile court has wide discretion regarding judgments, "based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field, and ... devoted ... attention to such matters.'" *Id.* (citation omitted).

¶ 3 Evidence presented at the adjudication hearing supports the juvenile court's findings. B.T. testified that Father touched B.T.'s "private spot" with his hand one time when B.T. was about five years old. B.T. explained that the touching occurred when he was getting out of the bathtub. While B.T. did not explain the nature of the touching, he did indicate that Father had touched him in the same manner that B.T. had touched his half-brother. The juvenile court also noted that it gave great weight to B.T.'s testimony due to B.T.'s demeanor and emotion that he exhibited on the stand. This testimony was supported by B.T.'s therapist,

who indicated that B.T. did not discuss the touching with the therapist until two months into therapy. However, once the issue was broached, B.T. remained consistent in his retelling of the incident. Accordingly, evidence in the record supports the juvenile court's findings and ultimate conclusion. "When a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435. Therefore, despite the fact that this case may present a close call, because a foundation of evidence exists to support the juvenile court's decision, this court cannot engage in re-weighing the evidence. This is especially true when the juvenile court made credibility determinations after observing B.T. testify.

¶ 4 Affirmed.